IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DUSTIN LEE McGOUGH,

                  Petitioner,

    v.

WARDEN EMMERICH,

                  Respondent.

OPINION AND ORDER

24-cv-505-wmc

---

Representing himself, petitioner Dustin Lee McGough seeks a writ of habeas corpus under 28 U.S.C. § 2241, claiming that the United States Bureau of Prisons miscalculated his federal sentence by denying him 11 months and 28 days of credit for pretrial confinement. Respondent argues that the petition should be dismissed because McGough: (1) failed to exhaust available administrative remedies as required; and (2) is not entitled to the requested time credit, which was applied to a state sentence. (Dkt. #11.) After considering all of the pleadings, the exhibits, and the applicable law, this action will be dismissed for the reasons explained below.

BACKGROUND[1]

On June 4, 2019, McGough was arrested by law enforcement in Montana for drug-related activities. At the time of his arrest, McGough was on conditional release for prior state court convictions. As a result of his arrest, McGough's conditional release was revoked and he

---

[1] Unless otherwise indicated, the facts in this section are drawn from the petition and the exhibits submitted by the parties. (Dkts. ##1-2, 8-9.) Because petitioner represents himself, his *pro se* submissions are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

was returned to the Montana Department of Corrections to serve the remainder of his state sentences.  He remained in state custody until he was paroled from state prison on July 28, 2021.

While he was serving his state court sentences, McGough was indicted by a federal grand jury in the United States District Court for the District of Montana on October 3, 2019, and charged with conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841. *United States v. Dustin Lee McGough*, Case No. CR 19-44-M-DWM-1 (D. Mont.).  On October 28, 2019, the federal district court in Montana issued a writ of habeas corpus ad prosequendum for purposes of prosecuting McGough.  On May 15, 2020, McGough was sentenced to 144 months' in federal prison, to run concurrently with any sentences imposed in a prior California case and in the Montana cases for which his release had been revoked.

McGough was returned to state authorities the same day his federal sentence was imposed on May 15, 2020.  The BOP designated his facility as the Montana Department of Corrections for the purpose of having his federal sentence run concurrently with the Montana sentence he was serving.  The BOP also lodged a detainer with the State of Montana for McGough's transfer to the BOP upon his release or completion of his state sentence.

When McGough discharged his Montana state sentences on July 28, 2021, he was transferred to the custody of the United States Marshals Service to continue serving his federal sentence.  The BOP prepared a sentence computation for McGough based on a 144-month term of imprisonment, commencing on May 15, 2020.  McGough did not receive credit for his pretrial confinement before sentence was imposed, because this credit was applied to his state revocation sentence, which was originally imposed by the State of Montana on July 3, 2018.

McGough remains in federal prison pursuant to the sentence he received in District of Montana Case No. CR 19-44-M-DWM-1. His projected release date with good-time credit is September 15, 2030. McGough claims, however, that his sentence has been calculated incorrectly because he has been denied 11 months and 28 days of "prior jail credit" for the time he spent in pretrial confinement on the federal indictment. (Dkt. #1, at 5.)

OPINION

## I.    Exhaustion of Remedies

To obtain a writ of habeas corpus under 28 U.S.C. § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." A federal prisoner may challenge the execution of his sentence by filing a petition for a writ of habeas corpus under § 2241. *See Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000) (requests for sentence credit or for recalculation of time yet to serve are properly brought under § 2241). First, however, an inmate must exhaust administrative remedies before seeking habeas relief in federal court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir.2004) (noting that "common-law exhaustion rule applies to § 2241 actions"). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

To exhaust administrative remedies, an inmate incarcerated by the BOP must file an informal complaint with institution staff using a BP-8 form. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, an inmate must file an administrative remedy request on a BP-9 form at the institution where he is incarcerated. 28 C.F.R. § 542.14(a). If the inmate is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional

Director on a BP-10 form within 20 days.  28 C.F.R. § 542.15(a).  If the inmate is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days.  *Id*.  These time limits may be extended when the inmate demonstrates a valid reason for delay, *id*., such as an extended period during which the inmate was in transit or otherwise physically incapable of preparing a request for appeal.  28 C.F.R. § 542.14(b).

Respondent has presented records showing that on March 12, 2024, McGough submitted a BP-9 form requesting an administrative remedy regarding his sentence computation.  (Behrens Decl. (dkt. #8) ¶ 7 & Exh. D (dkt. #8-4) at 4.)  The matter was assigned identification number 1193165-F1 and closed on March 22, 2024, after the warden responded to the request.  (*Id*.)  McGough's appeal was due 20 days later on April 10, 2024.  (*Id*.)  McGough filed a BP-10 form with the North Central Regional Office ("NCRO"), which was received on April 25, 2024, and rejected on April 29, 2024, as untimely because it was filed more than 20 days after the warden's response.  (Behrens Decl. (dkt. #8) ¶ 8 & Exh. D (dkt. #8-4) at 5.)

McGough did not re-submit his BP-10 form with an explanation for his delay or attempt to appeal further.  Instead, McGough argues that his BP-10 form should have been considered timely because he mailed it before his deadline expired.  (Dkt. #13, at 6.)  According to the BOP's program statement for its administrative remedy program, however, the BP-10 form had to be *received* by the regional office by the 20-day deadline.  (Behrens Decl. Exh. A (dkt. #8-1) at 8.)  The program statement encourages inmates to mail their appeals promptly after receiving a response to ensure timely receipt.  (*Id*.)

4

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). McGough did not submit a timely appeal in compliance with BOP rules and did not complete all levels of the administrative remedy program. Therefore, McGough failed to properly exhaust available administrative remedies with respect to his claim, which fails for alternative reasons discussed in more detail below.

## II.    Merits

Even if McGough's failure to exhaust administrative remedies was somehow excused, he cannot prevail on the merits of his claim concerning the calculation of his sentence. Once a district court sentences a federal defendant, the Attorney General, through the BOP, is responsible for administering the sentence. 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 331 (1992). This includes calculating the defendant's term of confinement and any appropriate credit for pretrial detention. *Wilson*, 503 U.S. at 334-35.

Calculation of a federal sentence is governed by 18 U.S.C. § 3585, which first requires the BOP to determine the date a federal sentence has commenced. Under this statute, a federal sentence commences on the date it is imposed *if* the defendant is exclusively in federal custody at the time he is sentenced. 18 U.S.C. § 3585(a). Because McGough was subject to a writ of habeas corpus ad prosequendum at the time his federal sentence was imposed, he was not exclusively in federal custody. Instead, he was on loan from the State of Montana, which maintained primary jurisdiction over him. *See Jake v. Herschberger*, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999) (explaining that the writ of habeas corpus ad prosequendum allows one sovereign to "borrow" a prisoner for the purpose of prosecuting him, but the receiving sovereign only has limited jurisdiction over him and he is considered to remain in custody of the sending

sovereign); *accord Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction.") (citation omitted).  No transfer of primary jurisdiction may take place unless state authorities relinquish jurisdiction over the prisoner, *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (citations omitted), which did not occur in this case.  Thus, the BOP correctly determined that McGough's federal sentence commenced the day it was imposed on May 15, 2020.

McGough argues that his federal sentence should include credit for 11 months and 28 days that he spent in pretrial confinement, up to and including May 14, 2020.  When calculating a federal sentence, BOP is prohibited from granting "double credit" or granting credit for presentence custody when that credit has been applied to another sentence.  *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (citing 18 U.S.C. § 3585(b)).  Although McGough's federal sentence was ordered to run concurrent with his earlier state sentences, he cannot receive the credit he seeks because that time was served before his federal sentence was imposed on May 15, 2020, while Montana maintained primary custody of him.  (Hodge Decl. (dkt. #9) ¶ 20.)  In other words, the credit that McGough seeks for time spent in pretrial confinement up to May 14, 2020, was applied to the state court sentences he was serving during that time.  Because § 3585(b) prohibits McGough from receiving credit on his federal sentence for any period of time spent in pretrial custody that has already been credited against another sentence, he fails to show that the BOP calculated his federal sentence incorrectly. *Ross*, 219 F.3d at 594; *United States v. Lemus-Rodriguez*, 495 F. App'x 723, 726-27, 2012 WL 5395178, at *3 (7th Cir. Nov. 6, 2012).  Accordingly, the petition will be dismissed with prejudice.

ORDER

IT IS ORDERED that:

1.  The habeas corpus petition filed by Dustin Lee McGough (dkt. #1) is DISMISSED with prejudice.

2.  Petitioner's motion for expedited review (dkt. #14) is MOOT.

3.  The clerk of court is directed to close this case and enter judgment accordingly.

Entered this 13th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge